Filed 5/6/22  P. v. Williamson CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093213 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF02058) |
| v. | |
| SHAWN THOMAS WILLIAMSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shawn Thomas Williamson filed an opening brief setting forth the facts of the case and asking this court to review the record in order to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After we issued our opinion, affirming the judgment, defendant filed a petition for rehearing.  In his petition, defendant argued that while his appeal was

1

pending, the Legislature amended Penal Code, section 1170, subdivision (b)[1] and he was entitled to the ameliorative benefits of those amendments. We granted the petition.

On rehearing, the People concede the recent amendments to section 1170, subdivision (b), effective January 1, 2022, apply retroactively to defendant. We accept the concession and remand the matter for resentencing in light of those amendments.

BACKGROUND

In December 2019, defendant was arrested on a post-release community supervision warrant. While in custody in county jail, defendant and another inmate attacked a third inmate. They beat the victim inmate with their fists for approximately one minute then refused to answer questions about the attack. The attack left the victim inmate disoriented and with a laceration behind his ear.

The People charged defendant with assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) Defendant pleaded no contest to the assault charge and the trial court sentenced him to three years in state prison.[2] The court ordered defendant to pay various fines and fees and awarded him 140 days of custody credit. At the time of his conviction, defendant was 23 years old.

Defendant appealed without a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant also pleaded no contest to a charge of misdemeanor failure to appear in Butte County Superior Court case No. 20CF04823. The trial court sentenced him to a concurrent one-year term on that conviction.

## DISCUSSION

While defendant's appeal was pending, section 1170 was amended by Senate Bill No. 567.[3] As relevant here, amended section 1170, subdivision (b)(6) provides that "the court shall order imposition of the lower term" if, among other things, the defendant "was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense" and the defendant's youth "was a contributing factor in the commission of the offense." (§ 1170, subdivision (b)(6), effective Jan. 1, 2022.) Section 1016.7 defines the term "youth" for purposes of this statute as "any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

Defendant argues that due to his age at the time of the offense, he meets the statutory criteria for a reduction in his sentence. He further argues that because his judgment is not final, he is entitled to retroactive application of the amendments to section 1170. The People concede the change in the law is ameliorative and applies retroactively to defendant's case, requiring remand for resentencing. We accept the People's concession. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-746; see also *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

---

[3] Senate Bill No. 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill No. 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3(c).) Thus, Senate Bill No. 567 is the operative legislation and not Assembly Bill No. 124, as repeatedly indicated by the parties.

## DISPOSITION

Defendant's conviction is affirmed.  The matter is remanded for resentencing in light of the recent amendments to section 1170.  Following resentencing, the trial court clerk shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
DUARTE, J.

_____\s\_____,
KRAUSE, J.

4